UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOSEPH STORY,
    Plaintiff,
v.                                                       Case No. 3:17cv98/MCR/EMT
WILLIAM AMOS, III,
And STEVEN BUNYARD,
    Defendants.
_____/

**PRELIMINARY REPORT AND RECOMMENDATION**

This case is before the court upon a "Motion to Dissolve Writ of Garnishment—UBS Financial Services Inc.," filed by Defendant William L. Amos (ECF No. 72), and a response in opposition thereto filed by Plaintiff Joseph Story (ECF No. 74). The motion was referred to the undersigned for further proceedings and the preparation of a Report and Recommendation (ECF No. 73).

A summary of the pertinent facts outlining the nature and result of the underlying action in this cause may be found in earlier orders of the district court and need not be repeated here. For the purposes of this Report, suffice it to say that on October 12, 2018, the district court—having previously granted Story's motion for summary judgment—issued an Amended Judgment in favor of Story, against

Amos, in the amount of $251,266.68 plus post-judgment interest at the statutory rate (*see* ECF Nos. 26–28, 38–39).[1]

On December 4, 2019, the Clerk of this Court issued a Writ of Garnishment ("WOG") to UBS Financial Services, Inc., as to Defendant William L. Amos, III (ECF No. 63). On December 31, 2019, UBS filed an answer to the WOG and identified three responsive accounts over which it had custody, possession, or control: Account Numbers xxx5625, xxx7245, and xxx7244, respectively (ECF No. 64). The first account was identified as being under the name William L. Amos III, RMA (*id*. at 1). The latter two accounts were identified as College Fund 529 accounts, held in Defendant Amos' name for the benefit of Sarah Elizabeth Amos and William L. Amos, IV, respectively (*id*. at 1–2).

On February 26, 2020, Defendant Amos filed a Claim of Exemption and Request for Hearing, as well as a motion to dissolve the WOG as to all three accounts (*see* ECF No. 71, 72). Relevant to this Report, he contends the College 529 accounts are qualified tuition programs under Section 529 of the Internal Revenue Code and that, under Fla. Stat. § 222.22(1), the assets of any such program are not subject to garnishment (ECF No. 72 at 2). Story does not dispute Amos' contention and, in

---

[1] Defendant Bunyard failed to appear or defend this action, and a default judgment was entered against him (*see* ECF Nos. 25, 28, 38, 40).

fact, states he does not seek garnishment of these accounts (but rather seeks garnishment only of the first account, Account Number xxx5625) (*see* ECF No. 74 at 2).

The court agrees that the College 529 Accounts are exempt from garnishment. *See* 28 U.S.C. § 529 (defining qualified tuition programs); Fla. Stat. § 222.22(1) ("Moneys paid into or out of, the assets of, and the income of any validly existing qualified tuition program authorized by s. 529 of the Internal Revenue Code . . . including, but not limited to, the Florida Prepaid College Trust Fund advance payment contracts [and] participation agreements . . . are not liable to attachment, levy, *garnishment*, or legal process in the state in favor of any creditor of or claimant against any program participant, purchaser, owner or contributor, or program beneficiary.") (emphasis added). The court thus issues this preliminary Report and Recommendation now, to prevent the needless or continued restriction of any funds held in the College 529 Accounts at UBS, while the motion to resolve the first WOG remains under advisement.

Accordingly, it is respectfully **RECOMMENDED** that:

The following accounts identified in the "Garnishee's [UBS Financial Services, Inc.'s] Answer to Writ of Garnishment" (ECF No. 64) be deemed **no**

**longer subject** to the Writ of Garnishment issued by this Court's Clerk of Court on December 4, 2019 (ECF No. 63):

1. Account No. xxx7245, in the name of William Amos III, FBO Sarah Elizabeth Amos College Fund 529; and

2. Account No. xxx7244, in the name of William Amos III, FBO William L. Amos IV College Fund 529.

At Pensacola, Florida, the 22nd day of April 2020.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 3:17cv98/MCR/EMT